```
                      UNITED STATES DISTRICT COURT
                               FOR THE
                     MIDDLE DISTRICT OF PENNSYLVANIA


DONALD O. HAYES,                    :
                                    :
        Petitioner                  :
                                    :
    v.                              :   CIVIL NO. 4:CV-06-1494
                                    :
FEDERAL BUREAU OF PRISONS, ET AL.   :
                                    :       (Judge Conaboy)
                                    :
        Respondents                 :
```
_____

## MEMORANDUM
## Background

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated by Donald O. Hayes. Named as Respondents are the Federal Bureau of Prisons (BOP) and LSCI-Allenwood Warden Jonathan C. Minor. Service of the petition was previously ordered.

Hayes states that following his entry of a guilty plea to a drug related offense, he was sentenced on July 24, 1998, to a forty-six (46) month term of imprisonment in the United States District Court for the Western District of Pennsylvania. While serving that sentence, Hayes completed a five hundred (500) hour classroom portion of the BOP's Residential Drug Abuse Treatment

1

Program (RDAP).[1]  He was transferred to a halfway house on December 22, 1999 for the purpose of completing the transitional service component of the RDAP.  According to the Petitioner, "[a]lmost all of the time allowed for RDAP completion was removed from his sentence, as well as the mandatory 6-month halfway house the award requires." Doc. 1, p. 2

On the last day of his six (6) month halfway house placement, the Petitioner was arrested on new federal drug charges.  Hayes was transferred to the United States District Court for the Eastern District of North Carolina pursuant to a writ *ad prosequendum*.[2]  He subsequently entered a guilty plea in his North Carolina case.  On June 21, 2002, Hayes was sentenced in the Eastern District of North Carolina to a ninety-seven (97) month term of incarceration.

Petitioner states that during the Summer of 2002 he learned that the BOP had revoked the one year RDAP award. Hayes' present

---

[1]  The RDAP has two components, a five hundred (500) hour classroom program and a transitional services portion which is completed in a halfway house.  Upon completion of both segments, the inmate applicant is eligible for a one (1) year sentence reduction.

[2]  Generally, a prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person. Chambers v. Holland, 920 F. Supp. 618, 621-22 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996).  Consequently, a prisoner is only entitled to credit against his federal sentence for a period of time spent in federal detention pursuant to a writ of habeas corpus *ad prosequendum* "unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000).

petition partially contends that as a result, his North Carolina prosecution was clouded because neither the court, prosecution or defense were aware of the RDAP revocation at the time his North Carolina sentence was imposed. He concludes that his North Carolina sentence is illegal "due to the false beliefs of all parties. Id. at p. 3. Hayes elaborates that because it was everyone's understanding that the original sentence was discharged, the North Carolina sentencing court denied his request for application of United States Sentencing Guidelines § 5G1.3 (i.e., imposition of a concurrent sentence) or alternatively for a downward departure adjustment for double counting. Petitioner next asserts that although the BOP eventually "returned' the one year RDAP award, it was applied towards service of his North Carolina sentence instead of his original sentence, "the one it was earned on." Id.

    The second portion of the petition regards the collateral consequences of an LSCI-Allenwood disciplinary proceeding. Shortly after his March 25, 2004 transfer to LSCI-Allenwood, Hayes was issued an institutional misconduct charging him with possession of a weapon, specifically, a sharpened steel rod was found hidden in the cell that he shared with two other inmates. Hayes contends that the homemade knife could have belonged to any number of inmates. He notes that his two (2) cellmates were also charged and found guilty of the same offense. Following a disciplinary hearing Petitioner was found guilty of the alleged misconduct and received sanctions including a loss of forty (40) days of good conduct time.

See id. at p. 5.  The second claim of Hayes' present action generally contends that as a result of the finding of guilt reached at his disciplinary hearing, Petitioner is no longer eligible to receive the RDAP benefit with respect to his second federal sentence.  He concludes that the BOP lacked "sufficient grounds or provocation" to warrant this punishment.[3] Id.

   Although the Petitioner's claims are difficult to decipher, it appears that they are twofold.  First, Hayes contends that the BOP acted improperly when it revoked the one year RDAP award against his original federal sentence.  It appears that Hayes is maintaining that his RDAP credit had already vested prior to his arrest on a second federal charge.  Moreover, he is claiming that the revocation of his RDAP credit undermines the legality of his subsequently imposed North Carolina federal sentence.

   The second portion of the petition revolves around the purported decision of the BOP to restore his RDAP credit and apply it towards service of his North Carolina sentence.  Once again, Hayes claims that this action was improper because the RDAP award vested prior to the imposition of his North Carolina sentence and must be applied towards service of his original Pennsylvania federal sentence.  In a related argument, Petitioner is also apparently arguing that the BOP improperly revoked the restored RDAP credit against his North Carolina sentence because the finding

---

   [3] Hayes adds that he is currently scheduled for release on February 10, 2008 via good conduct time release.

of guilt on the LSCI-Allenwood misconduct charge was unfounded.

## Discussion

### Sentence Calculation

Petitioner initially argues that he is entitled to habeas corpus relief on the grounds that a one (1) year RDAP award which he earned while serving his original sentence should have been credited towards service of that sentence.  According to the Respondents, Hayes was ineligible for RDAP credit because he failed to complete the RDAP's transitional service component due to his arrest on a new drug charge on June 16, 2000.  See Doc. 13, pgs. 2-3.

The parties acknowledge that Hayes completed the 500 hour classroom portion of the RDAP while serving his original Pennsylvania federal sentence.  A sworn declaration by LSCI-Allenwood Drug Treatment Specialist Susan Eisner states that "Hayes did not completed [sic] the transitional services portion because of his second arrest."  See Doc. 13, Exhibit 3, ¶ 7.  Eisner adds that even if Petitioner had successfully completed the RDAP program, his subsequent disciplinary misconduct charge which took place almost four (4) years later would have rescinded his eligibility for the one year sentence credit.  See id. at ¶ 8.

Hayes counters that he did in fact complete both components of the RDAP. In support of his argument, Petitioner has submitted a copy of a certificate indicating that he completed the transitional services program on June 12, 2000.  See Doc. 1, Exhibit D.

5

The Respondents have not offered any evidence which would dispute the authenticity of Petitioner's Exhibit D. Based upon that submission, Hayes successfully completed the RDPA prior to his arrest on the North Carolina charges. However, as noted above, the Respondents also assert that even if Petitioner had completed the RDAP, his subsequent disciplinary charge would have precluded his eligibility for the one year set off. However, what remains unanswered is the question that if the one year set off was applied towards service of the Petitioner's original sentence and said sentence expired before Hayes was issued the institutional disciplinary charge some four (4) years later, the misconduct should not have precluded the one year set off.[4]

If so, it appears that Petitioner may have been entitled to have the RDAP one year credit applied towards his original Pennsylvania federal sentence. Moreover, as a result he may be entitled to credit against his North Carolina sentence for time spent in custody following his June 16, 2000 arrest on said charges.[5] Since there are outstanding factual and legal issues

---

[4] According to the Respondents, service of Hayes' original federal sentence expired on November 23, 2000 via good conduct time release while he was on the writ. The institutional misconduct charge was issued during March, 2005. Moreover, Petitioner indicates that his RDAP one year credit was revoked during the Summer of 2002, once again well before the filing of the disciplinary charge.

[5] Hayes began service of his second federal sentence on the date it was imposed and was awarded credit for 574 days of prior custody, from November 24, 2000 (the day after his original federal sentence expired) to June 20, 2002 (the day before imposition of his second federal sentence).

which remain unresolved, an evidentiary hearing will be scheduled regarding this issue.

**<u>Disciplinary Hearing</u>**

Hayes also claims that there was insufficient grounds to support the misconduct charge of possession of a weapon. He adds that the sanctions imposed against him were greater than those given to his two cellmates who were convicted of the same offense.

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first, "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" <u>Ingraham v. Wright</u>, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is obviously unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred. Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law. <u>Meachum v. Fano</u>, 427 U.S. 215, 223-26 (1976).

In <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-73 (1974), where the plaintiffs were deprived of good time credits as a severe sanction for serious misconduct, the Supreme Court held that such inmates

7

have various procedural due process protections in a prison disciplinary proceeding.  The Supreme Court recognized in <u>Wolff</u> that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply."  <u>Id</u>. at 556.  Nonetheless, the Court held that a prisoner facing serious institutional sanctions such as a loss of good time credits is entitled to some procedural protection before penalties can be imposed.  <u>Id</u>. at 563-71.

<u>Wolff</u> set forth five requirements of due process in a prison disciplinary proceeding:  (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action.  <u>Id</u>.  An additional procedural requirement was set forth in <u>Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill</u>, 472 U.S. 445, 453-56 (1985).  In that case, the Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal.  The Court of Appeals for the Third Circuit in <u>Griffin v. Spratt</u>, 969 F.2d 16, 19 (3d Cir. 1992), thereafter recognized that the above due process requirements must be satisfied in a prison disciplinary hearing.

In Sandin v. Conner, 515 U.S. 472, 480-84 (1995), the United States Supreme Court reiterated that the Wolff due process safeguards must be provided when, as in the instant case, the challenged disciplinary proceeding results in a loss of good time credits.  See also Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991) (a federal prisoner has a constitutionally protected liberty interest in good time credit); Von Kahl, 855 F. Supp. at 1417.  In conclusion, since Hayes was undisputably sanctioned to a loss of good time credits, his allegations of denial of due process relating to his underlying disciplinary proceeding must be reviewed under the Wolff and Hill standards.

As noted above, Wolff requires in part that an inmate accused of a disciplinary infraction be provided with twenty four (24) hour advance written notice of the charges against him.  Hayes raises no claim that the advance notice mandate of Wolff was violated.  This Court's independent review of the record likewise supports a conclusion that Petitioner received proper advance written notice of the charges against him. Petitioner likewise does not contend that he requested and was denied assistance from an inmate representative.  Hayes also makes no claim that he was denied the opportunity to present witnesses or documentary evidence. Accordingly, a discussion as to whether those Wolff procedural prongs were satisfied is also not warranted.

The remaining Wolff safeguards require the factfinder to issue a written decision outlining the evidence relied upon and the rationale behind the disciplinary action.  Wolff also requires that

an inmate must be afforded the opportunity to appear before an impartial decision maker. As noted earlier, it is undisputed that the Disciplinary Hearing Officer (DHO) issued a written decision. See Doc. 13, Exhibit 2, p. 23. Petitioner also does not claim that the DHO was biased. Hayes' present claim that there was insufficient grounds is best described as a challenge to the DHO's determination of guilt and that the some evidence requirement of Hill was not satisfied.

The determinations rendered in a disciplinary hearing are not arbitrary or capricious if there exists a basis in fact to support a disciplinary hearing officer's findings. Edwards v. White, 501 F. Supp. 8 (M.D. Pa. 1979). It is undisputed that Hayes shared a cell with two other prisoners. A search by correctional officials discovered a sharpened steel rod which had been fashioned into a weapon. The knife was found in a common area of Petitioner's cell. All three (3) cellmates were similarly charged with possession of the weapon.

It is undisputed that under BOP regulations prisoners are responsible for the contents of their cells. Under the doctrine of constructive possession, prisoners are responsible for contraband discovered in their cells. Okocci v. Klein, 270 F. Supp.2d 603, 613 (E.D. Pa. 2003). The constructive possession doctrine has even been "extended to situations where other inmates claimed responsibility for contraband found during cell searches." Id. Based on the foregoing discussion, especially Petitioner's admission that a homemade weapon was found in his cell, it is

10

apparent that there was some evidence or basis in fact to support the DHO's finding of guilt as required under Hill.  Furthermore, the actions and decisions taken during the course of the disciplinary proceeding which is the subject of this action satisfied Hayes' federal due process rights.

It is also noted that a review of the record does not provide any indication that Hayes and his cellmates were given dissimilar sanctions.  Rather, it appears only that the punishment imposed on Hayes simply had collateral consequences.  In conclusion, Petitioner's action to the extent that it challenges the legality of his 2004 LSCI-Allenwood disciplinary proceedings will be denied.

**Illegal Sentence**

Hayes' remaining claims challenge the legality of his North Carolina sentence.  As noted earlier, Petitioner indicates that the sentencing court denied his requests for downward departure because the court as well as the parties were under the mistaken belief, that service of the original federal sentence had already been discharged.[6]  He also argues that a concurrent sentence should have been imposed but was not due to the failure to determine the true status of his original sentence.

Pursuant to 28 U.S.C. § 2255, federal criminal defendants' sentences are subject to collateral attack before the sentencing

---

[6] Hayes maintains that following his North Carolina sentencing, he still had 5 ½ months remaining on his original federal sentence.

11

court.  See  United States v. Addonizio, 442 U.S. 178, 179 (1979). Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" (emphasis added).  In his instant action, Hayes's present action includes a challenge to the legality of his North Carolina federal sentence.  Therefore, § 2255 would ordinarily be the proper vehicle for Petitioner's instant claims.

28 U.S.C. § 2255 requires that a federal prisoner's request for collateral review of a conviction or sentence must be brought by motion in the district of the criminal trial court.  The only exception, which we will address below, allows a federal prisoner to bring a habeas petition if a § 2255 proves "inadequate or ineffective."  In re Vial, 115 F.3d 1192, 1194 (4th Cir 1997). During 1996, Congress amended § 2255 by imposing limitations on the availability of collateral attack of convictions and sentences. Specifically, a one-year statute of limitations and restrictions on a prisoner's ability to bring a second or successive motion were added. [7]

---

[7] The statute of limitations runs from the latest of: (1) the date on which final judgment of conviction becomes final; (2) the date on which impediment to making motion created by the government

12

With respect to the latter restrictions, Congress required that a second or successive motion must be certified by the appropriate court of appeals. Id. Known as the "gatekeeping provisions," the mandated certification restricts a prisoner's ability to bring a second or successive motion by requiring that the new motion contain either: (1) newly discovered evidence that, if proven, would be sufficient to establish that movant was not guilty; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Id.

In ruling on the issue of inadequate or ineffective, the appellate courts have instructed that a motion under § 2255 is inadequate or ineffective only where it is established "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States ex rel. Leguillou v. Davis, 212 F. 2d 681, 684 (3d Cir. 1954). A habeas petitioner also bears the burden of alleging or demonstrating inadequacy or ineffectiveness. Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir 1966).

Prior unsuccessful § 2255 motions filed in the sentencing court have been held to be insufficient in and of themselves to

---

is lifted; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered.

13

show that the motion remedy is inadequate and ineffective. <u>Tripati v. Herman</u>, 843 F.2d 1169, 1162 (9th Cir.), <u>cert. denied</u>, 488 U.S. 982 (1988); <u>Litterio v. Parker</u>, 369 F. 2d 395, 396 (3d Cir. 1966)(per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative ...." <u>Garris v. Lindsay</u>, 794 F.2d 722, 727 (D.C. Cir.), <u>cert. denied</u>, 479 U.S. 993 (1986). The Court of Appeals for the Third Circuit has held that, as to issues cognizable by the sentencing court under § 2255, a § 2255 "supersedes habeas corpus and provides the exclusive remedy." <u>Strollo v. Alldredge</u>, 462 F.2d 1194, 1195 (3d Cir. 1972).

The circumstances which make § 2255 inadequate and ineffective were addressed in <u>Dorsainvil</u> and <u>Triestman v. United States</u>, 124 F.3d 361 (2nd Cir. 1997). Both decisions held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. <u>Triestman</u>, 124 F.3d at 377; <u>Dorsainvil</u>,119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. <u>Triestman</u>, 124 F.3d at 366; <u>Dorsainvil</u>, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Moreover, the legislative limitations (either the statute of limitations or gatekeeping provisions outlined <u>supra</u> at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or

ineffective so as to authorize pursuit of a habeas corpus petition in this court.  United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction."  Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Hayes' challenge to the legality of his North Carolina federal sentence is not based on any newly discovered evidence, a decision by the United States Supreme Court made retroactive to cases on collateral review,[8] or any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction.  Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged.

In this case, Hayes has failed to present any allegations suggesting that he was not guilty of the drug offense underlying his North carolina prosecution. Rather, his claim is based on a sentencing related issue, namely that his sentence was premised in part on an erroneous belief that his original Pennsylvania federal sentence had expired.  Consequently, it is apparent that the challenge to the legality of his North Carolina sentence

---

[8] In Tyler v. Cain, 533 U.S. 656, 663 (2001), the Supreme Court established that a new rule of law is not made retroactive to cases on collateral review unless the Court itself holds it to be retroactive.

which is pending before this Court, has nothing to do with the actual question of Petitioner's guilt.

Based on the foregoing analysis, a § 2255 motion or an application to the appropriate Court of Appeals to file a second or successive § 2255 motion is the only vehicle available to Petitioner by which to challenge the legality of the sentence imposed by the Eastern District of North Carolina.  An appropriate Order will enter.[9]

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: AUGUST 31, 2007

---

[9] Petitioner recently submitted a request stating that he was transferred to a halfway house in the Boston area and that his petition be transferred to the United States District Court for the District of Massachusetts.  See doc. 23.  In a subsequent filing, Hayes asks that his petition either be transferred or ruled upon. See Doc. 24.  The Respondent will be directed to file a response to those requests within the next ten (10) days.

16

```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA


DONALD O. HAYES,                       :
                                       :
         Petitioner                    :
                                       :
    v.                                 :   CIVIL NO. 4:CV-06-1494
                                       :
FEDERAL BUREAU OF PRISONS, ET AL.,     :
                                       :   (Judge Conaboy)
                                       :
         Respondents                   :
```
_____

## **ORDER**

   AND NOW, THIS 31 st DAY OF AUGUST, 2007, in accordance with
the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1.  Petitioner's requests for federal habeas corpus relief
    with respect to his institutional disciplinary
    proceedings and his challenge to the sentence imposed
    by the United States District Court for the Eastern
    District of Pennsylvania are denied.

2.  The Petitioner's remaining claim relating to
    entitlement to a one year set off against his original
    federal sentence will be scheduled for an evidentiary
    hearing.

3.  Petitioner's motion for summary judgment (Doc. 17) is
    denied.

4.   Within ten (10) days of the date of this Order, Respondent shall file a response to the Petitioner's requests that this matter be transferred.

S/Richard P. Conaboy  
RICHARD P. CONABOY  
United States District Judge